# KUNZMAN et al,
*Respondents,*

*v.*

# THORSEN et ux,
*Appellants.*

## (84-12-23; CA A37661)

732 P2d 49

Gordon R. Hanna, Salem, argued the cause for appellants. With him on the briefs was Eckley & Associates, P.C., Salem.

Emil Berg, Portland, argued the cause for respondents. With him on the brief was Hallmark, Griffith & Keating, P.C., Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

This is an action to enforce a land sale contract. The trial court granted summary judgment for plaintiffs (vendors), and defendants[1] appeal.

In 1977, plaintiffs sold property to David McNabb. Later in the same year, McNabb assigned "all of [his] right, title and interest" in the property to defendants, with the approval of plaintiffs. After that date, all dealings on the contract were between plaintiffs and defendants; McNabb was no longer involved.

After the assignment, defendants took possession of the property and exercised exclusive control over it. They alone made payments to plaintiffs under the land sale contract. They mortgaged the land to finance a barn that they had built on it. They rented out pasture, ran cattle on the property, allowed others to run cattle on it and listed it for sale. Pursuant to the terms of the contract, they paid for and received lot releases for certain parcels, which they then sold. In 1979, defendants' attorney threatened plaintiffs with legal action if they did not release deeds to certain parcels in accordance with the contract's lot release provisions.

In 1984, defendants defaulted, paying neither the annual installment nor the property taxes, and plaintiffs accelerated the contract balance and commenced this action. Defendants contend that the trial court improperly granted summary judgment, because, as assignees of McNabb's rights under the contract, they are not, as a matter of law, obligated on the contract because they did not assume the contract.

The general rule is that an assignee of a contract for the purchase of land assumes no liability to the vendor by reason of the assignment alone. If there is no express assumption, the assignee may become liable on the contract if he claims its benefits. *Hodges et ux v. Servine et ux,* 211 Or 428, 437, 316 P2d 312 (1957). Thus, an assignee may become liable under a contract by engaging in conduct that indicates that he has assumed it. Here, the assignment document is silent on

---

[1] United States National Bank, which holds an inferior lien on the property, did not appear, and a default judgment was entered against it. The bank is not designated as an adverse party in this appeal.

the question of assumption. The assignees' conduct, however, indicates that they had assumed the contract obligations as well as the rights arising from it. It is undisputed that defendants, in addition to possessing and paying for the property, also demanded and received lot releases pursuant to the contract provisions. Their attorney also threatened to use the courts to enforce the "Kunzman to Thorsen" contract. We hold that the undisputed facts, as a matter of law, establish that defendants became assuming assignees and are obligated on the contract.

We disagree that *Hodges et ux v. Servine et ux, supra,* is distinguishable. We do not read *Hodges,* as defendants suggest, to require an assignee who has not expressly assumed the liabilities of the contract to bring an action to enforce the contract before becoming bound by it. It is the claiming of contract benefits that results in liability. Although bringing an action to enforce a contract is one way to claim its benefits, that is not the exclusive means by which an assignee may become liable.

Affirmed.